UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARTIN RAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:21-CV-840 JAR |
| | ) |
| MECC and CORIZON, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Self-represented Plaintiff Martin Ray (Missouri prison registration no. 196583) brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. The matter is now before the Court upon Plaintiff's motion for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $1.70. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the Complaint, the Court will dismiss the case for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). As such, Plaintiff's motion for appoint of counsel will be denied as moot.

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly

payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff is a convicted and sentenced Missouri state prisoner. ECF No. 1 at 2. He has submitted an application to proceed in district court without prepaying fees or costs. ECF No. 2. Although the application states that an inmate must submit a certified prison account statement, Plaintiff has not done so. *See id.* at 1. In his application, however, he states that his take-home pay is $8.50 per month. *Id.* Based on this financial information, the Court will assess an initial partial filing fee of $1.70, which is twenty percent of Plaintiff's monthly deposit amount. *See* 28 U.S.C. § 1915(b)(1)(A).

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also*

*Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

### The Complaint (ECF No. 1)

When self-represented Plaintiff initiated this action, he was incarcerated at Missouri Eastern Correctional Center ("MECC") in Pacific, Missouri. ECF No. 1 at 2. Since filing this suit, Plaintiff has been moved to South Central Correctional Center in Licking, Missouri. ECF No. 5. Plaintiff brings the action under 42 U.S.C. § 1983, alleging violations of his civil rights against MECC and Corizon, the contracted health care provider at MECC. *Id.* at 1-3.

According to Plaintiff, he has been denied adequate medical care and treatment for spinal stenosis and degenerative disc disease by Defendants. *Id.* at 4. The timeline for his alleged denial of care is not quite clear. He states that in 2018 a nondefendant neurosurgeon recommended that Plaintiff exhaust all non-surgical options for his back problems, and if those do not help, then surgery would be next. *Id.* Plaintiff alleges that in 2018 Corizon would not allow medical treatment requested by nondefendant doctors. *Id.* at 3. But two years later, Plaintiff states that a MDOC doctor "requested physical therapy," which Plaintiff states that he performs every day. *Id.* However, on the other hand, Plaintiff also avers that after his 2018 neurosurgeon appointment, he

did physical therapy and steroid injections with a nondefendant doctor "when [he] was on the streets." *Id.* at 4. Next, Plaintiff states:

> Dr. Garcia at F.R.D.C. told me 9/27 that he was requesting surgery and 10 days later D.O.C. moved me here to M.E.C.C. 10/20/20 at my first appt. w/ John Williams he would not even allow me to speak. He had an agenda and that was to let me know that there would be no consideration for my supposed spinal stenosis. He said, "the back heals itself. You're healed." That's what he said! He refuses any and all treatment of my condition.

*Id.* Plaintiff claims that he has paralyzing pain shooting down his arms and legs due to spinal stenosis.

Plaintiff also alleges that he had to wears "Depends" since 2018 due to fecal incontinence. Plaintiff asserts that "he" (presumably Dr. Williams) does not allow Plaintiff to have Depends and that "he" says that Plaintiff's "only problem" is "nasty, bad hygiene." *Id.*

Plaintiff asserts that MECC's "part in this" is that it has allowed nondefendant Dr. Williams and defendant Corizon "to deny medical treatment and/or restrict medical treatment." *Id.* at 3. Plaintiff alleges that he has been injured as to "civil rights, prisoner rights, physical health, [and] mental health." *Id.* at 4. For relief, Plaintiff seeks one million dollars. *Id.* at 1, 5.

### Plaintiff's Supplemental Filing (ECF No. 4)

On August 2, 2021, the Court received a letter from Plaintiff dated July 24, 2021. ECF No. 4. Attached to the letter, Plaintiff included a copy of a grievance appeal that he filed at MECC and the response he received.[1] *Id.* at 2-5. In the postscript on his letter, Plaintiff states that he has

---

[1] In assessing whether a complaint sufficiently states a valid claim for relief, courts may consider materials that are attached to the complaint as exhibits. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (citations omitted); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

"finally figured out that T. Bredeman DOC Medical Director is the one ultimately denying my medical treatment. He says how he can only rely on medical professionals judgment."[2] *Id.* at 1.

In February 2021, Plaintiff appealed a grievance filed at MECC, claiming that "John Williams[,] the medical staff and Corizon are all apathetic regarding [his] agonizing pain and fecal incontinence." *Id.* at 3. Plaintiff complains about how Dr. Williams has denied him surgery, despite prior doctors recommending such surgery. *Id.* at 4-5. The March 2021 grievance response summarized the concern as Plaintiff "requesting to see a specialist for [his] spinal stenosis" and "requesting back surgery." *Id.* at 2. Based on a review of Plaintiff's medical records, the response noted that Plaintiff was diagnosed by a neurosurgery specialist with moderate spinal stenosis in June 2018 based on an MRI. Since then, Plaintiff has been seen by physical therapy and by the chronic care clinic. Based on the development of a healthcare plan and ongoing visits with qualified licensed medical professionals for his chronic back concerns, Plaintiff's appeal was denied. *Id.*

## Plaintiff's Background Relevant to this Matter

Based on a review of court records, in 2017, Plaintiff received a suspended six-year sentence from a Missouri state court after a finding that Plaintiff was a chronic offender of driving while intoxicated. *See State v. Ray*, No. 16AB-CR02022-01 (20th Jud. Cir. 2016). After completion of the Long-Term Drug Program, Plaintiff was released on probation in January 2019 with a five-year term of supervision. However, his probation was revoked in July 2020 and his sentence was ordered executed.

---

[2] To the extent that Plaintiff is attempting to assert claims against T. Bredeman, "[a] supervisor may not be held liable under § 1983 for the constitutional violations of a subordinate on a respondeat superior theory." *Tlamka v. Serrell*, 244 F.3d 628, 635 (8th Cir. 2001) (citing *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995)).

Six days before Plaintiff filed this case, he filed a different 42 U.S.C. § 1983 in this Court. *See Ray v. Williams et al.*, No. 4:21-CV-818-AGF (E.D. Mo. July 6, 2021). In his Complaint in that matter, Plaintiff alleges that defendants Dr. John Williams and Corizon have denied him adequate medical care and treatment. *Id.* at ECF No. 1. Although he does not provide much detail in that Complaint, Plaintiff mentions some of the same nondefendant doctors, he complains about defendants not recognizing his need for surgery, and he describes his fecal incontinence. *Id.* Presumably Plaintiff plans to pursue both civil actions as he more recently (and after the filing of the instant matter) filed additional documents in his first case. *Id.* at ECF Nos. 3-4. As of the date of this Order, Plaintiff's first case is still pending with the Court.

## Discussion

Based on a liberal construction of Plaintiff's Complaint in this matter, the Court finds that Plaintiff fails to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B) against the named Defendants. As discussed below, defendant MECC is not suable under 42 U.S.C. § 1983 for money damages. Furthermore, Plaintiff fails to make any allegations of a custom, policy, or practice of defendant Corizon's, which caused a violation of Plaintiff's constitutional rights. As such, this case will be dismissed.

"Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). However, a State is not a 'person' under § 1983 against whom a claim for money damages can be asserted. *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). MECC, as a Missouri Department of Corrections facility, is an arm or division of the State of Missouri. An agency exercising state power is also not a "person" subject to a suit under § 1983. *E.g., Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.*, 948 F.2d 1084, 1086 (8th Cir. 1991) (agency exercising state power as an arm of the compacting state

is not "person" subject to § 1983 suit). Thus, Plaintiff's § 1983 claims against MECC fail to state a claim on which relief may be granted.

Defendant Corizon is the private corporation contracted to provide medical services to prisoners at MECC. "A corporation acting under color of state law ... will not be liable on a respondeat superior theory." *Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007) (citing *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975-76 (8th Cir. 1993)). Rather, to support a claim against a corporation like Corizon, a plaintiff "must show that there was a policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006); *Sanders*, 984 F.2d at 975-76 (stating that a corporation acting under color of state law will only be held liable where "there is a policy, custom or action by those who represent official policy that inflicts an injury actionable under § 1983").

Plaintiff alleges that Corizon has denied him needed medical treatment. These conclusory allegations are not enough to state a claim. Plaintiff does not identify a clear policy, custom, or practice of Corizon's that caused his injuries. He does not name a specific Corizon policy that resulted in a denial of treatment, in violation of the Eighth Amendment. Vague and conclusory allegations that his injuries were caused by Corizon are insufficient to state an actionable claim. *See Iqbal*, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). As a result, the Complaint fails to state a § 1983 claim against Corizon.

### Conclusion

Plaintiff's Complaint must be dismissed for failure to state a claim because MECC is not suable for money damages under 42 U.S.C. § 1983 and because the Complaint does not allege that any Corizon policy, custom, or practice violated Plaintiff's rights. Most of Plaintiff's allegations regarding inadequate medical care and treatment are based on decisions made by Dr. Williams –

who is not a named defendant. The Court finds that allowing Plaintiff to amend his Complaint in this matter would be futile because Plaintiff already has a previously filed § 1983 case against Dr. Williams and Corizon, based on inadequate medical care, pending in this Court.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**. *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $1.70 within **thirty (30) days** of the date of this Order. *See* 28 U.S.C. § 1915(b)(1). Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the Complaint because the Complaint fails to state a claim upon which relief can be granted. Plaintiff's claims against defendants MECC and Corizon are **DISMISSED without prejudice**. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED as moot**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 28th day of September, 2021.

                                              /s/ John A. Ross
                                              JOHN A. ROSS
                                              UNITED STATES DISTRICT JUDGE